Mr. R. Allen Satcher Supervising U.S. Probation Officer 7955 Northwest 12 Street Suite 420 Miami, Florida 33126
Dear Mr. Satcher:
As Supervising U.S. Probation Officer for the United States District Court for the Southern District of Florida you have asked substantially the following question:
 What regulations are imposed by Florida law on U.S. probation officers who carry firearms during the course of their duties?
In sum:
 U.S. probation officers are "[l]aw enforcement officers" as defined in s. 790.001(8), F.S. (1988 Supp.), and are exempt from the licensing and penal provisions for carrying firearms or concealed firearms when they are acting within the scope or course of their duties.
Chapter 790, F.S., regulates the carrying and licensing of firearms and weapons in the State of Florida.[1]
Section 790.053, F.S., states that except as otherwise provided by law, "it shall be unlawful for any person to openly carry on or about his person any firearm. . . ." A violation of this section constitutes a misdemeanor of the second degree, punishable as provided in ss. 775.082, 775.083, or 775.084, F.S.
Section 790.01(2), F.S., makes it a felony of the third degree[2]
for anyone to carry a concealed firearm on or about his person unless he or she is licensed pursuant to s. 790.06, F.S. (1988 Supp.).
Pursuant to s. 790.051, F.S.:
 Law enforcement officers are exempt from the licensing and penal provisions of this chapter when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty.
Further, as specifically set forth in s. 790.25(3), F.S., as amended by Ch. 89-60, Laws of Florida:
 The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
* * *
 (d) Sheriffs, marshals, prison or jail wardens, policemen, . . . and other peace and law enforcement officers and their deputies and assistants and full-time paid peace officers of other states and of the Federal Government who are carrying out official duties while in this state; . . .
Based on these specific exemptions for law enforcement officers, this office has concluded that such officers are exempt from the licensing requirements of s. 790.06, F.S., while acting within the scope of their official duties.[3] Reading the general exemption provided in s. 790.051, F.S., with that of s. 790.25(3), F.S., a law enforcement officer would be exempt from the licensing and penal provisions in Ch. 790, F.S., making it lawful for an officer to carry a firearm or a concealed firearm while acting within the scope and course of his or her official duties.[4]
Thus, if a U.S. probation officer is a law enforcement officer within the contemplation of Ch. 790, F.S., he or she is not required to possess a license to carry a firearm or a concealed firearm while on duty.
A "[l]aw enforcement officer" is defined in s. 790.001(8), F.S. (1988 Supp.), as:
 (a) All officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, who have authority to make arrests;
 (b) Officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, duly authorized to carry a concealed weapon; . . .
You have advised my staff that a U.S. probation officer in the Southern District of Florida is authorized to carry a concealed weapon while on duty and possesses the power to arrest probationers. Therefore, such officers appear to be law enforcement officers as provided in s. 790.001(8)(a)-(b), F.S. (1988 Supp.), supra.
Thus, U.S. probation officers are law enforcement officers as defined in s. 790.001(8), F.S. (1988 Supp.), and are exempt from the licensing requirements for carrying concealed weapons in s.790.06, F.S. (1988 Supp.), and from the general licensing and penal provisions of Ch. 790, F.S., when they are acting within the scope and course of their official duties.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, s. 790.001(6), F.S. (1988 Supp.), for a definition of "[f]irearm" and s. 790.001(13), F.S. (1988 Supp.), which defines [w]eapon."
[2] A third degree felony is punishable as provided in ss.775.082, 775.083, or 775.084, F.S.
[3] See, AGO 88-4 concluding that assistant state attorneys, as "law enforcement officers," are exempt from the licensing requirements for carrying concealed weapons in s. 790.06, F.S., when they are acting within the scope of their official duties.
[4] See, Ideal Farms Drainage District et al. v. Certain Lands,19 So.2d 234 (Fla. 1944) (When two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.)